IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| MCKESSON MEDICAL-SURGICAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-cv-0868 |
| | ) |
| WELLBOX, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW Defendant Wellbox, Inc., by and through counsel, and files this Answer to the Complaint filed by Plaintiff McKesson Medical-Surgical, Inc. ("Plaintiff") as follows:

1. Admitted.

2. Admit that Wellbox is a Delaware Corporation with its principal place of business in Jacksonville, Florida. Wellbox denies that it regularly does business in Virginia.

3. Paragraph 3 is not a factual allegation. Paragraph 3 is a legal conclusion and, as such, no response is required. To the extent paragraph 3 is a factual allegation, Wellbox does not deny that the parties are citizen of different states.

4. Paragraph 4 is not a factual allegation. Paragraph 4 is a legal conclusion and, as such, no response is required. To the extent paragraph 4 is a factual allegation, Wellbox denies that it has established contacts in Virginia by breaching any contract.

1

5. The parties' contract is a document whose content speaks for itself. As such, Wellbox relies on the contents of the parties' written agreement. Wellbox admits that the parties' contract has a Virginia choice of law clause.

6. Denied.

7. Paragraph 7 is not a factual allegation. Paragraph 7 is a legal conclusion concerning Virginia's long arm statute and, as such, no response is required. To the extent paragraph 7 is a factual allegation, Wellbox denies the inferences that, for example, it breached the parties' contract or that the parties' contract was negotiated or performed in Virginia.

8. Paragraph 8 is not a factual allegation. Paragraph 8 is a legal conclusion and, as such, no response is required. To the extent paragraph 8 is a factual allegation, Wellbox states that it is not contesting venue in this matter.

9. Paragraph 9 is not a factual allegation. Paragraph 9 is a legal conclusion and, as such, no response is required. To the extent paragraph 9 is a factual allegation, Wellbox states that it is not contesting venue in this matter.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Wellbox admits that it provides its services throughout the United States. Wellbox has approximately two clients in Virginia.

15. Admitted.

16. Wellbox admits that the parties entered into an agreement on or about December 30, 2016. Wellbox denies that the agreement was negotiated with Plaintiff's Virginia team. Wellbox admits that Plaintiff's associates were trained to provide sales activities for Wellbox nationally.

17. Denied.

18. Deny that Plaintiff performed a substantial portion of its obligations under the parties' agreement. Wellbox does not have in its possession information about what physical location Plaintiff's IT personal updated its webpage with regard to Wellbox.

19. Admitted in part and Denied in part. Wellbox admits that a very small number of interested customers resided in Virginia. Wellbox denies the inference that "numerous" customers actually retained by Wellbox reside in Virginia.

20. Denied. The parties' contract is a document whose content speaks for itself. The parties contract states that the first payment is due on April 1, 2017, not March 31, 2017. Denied as to the remaining allegations.

21. Deny that Plaintiff performed pursuant to the parties' agreement. Wellbox admits that some its payments in 2017 were not timely. Wellbox admits that it paid the commissions due and owing to Plaintiff.

22. Wellbox admits that it paid the quarterly marketing fees through December 31, 2017. Deny the inference that Wellbox did not express serious and substantial concerns about Plaintiff's lack of performance under the parties' contract.

23. Wellbox admits that Plaintiff continued to do some work on the parties' contract, at times, in 2018. Wellbox denies any inference that additional payments are due and owing as a result of Plaintiff's breach of the parties' agreement.

24. Wellbox can neither admit nor deny Plaintiff's "concern" regarding the state of the parties' contract. Thus, Wellbox denies this allegation. Wellbox admits that it has not paid fees for 2018. Wellbox denies any inference that those amounts are due and owing to Plaintiff.

25. Denied.

26. Wellbox admits that a letter was sent on or around July 10, 2019 from Plaintiff. Wellbox denies the contents of that letter are accurate. Moreover, Plaintiff abandoned and ceased performance under the contract months earlier.

## COUNT I
### (Breach of Contract)

27. Wellbox adopts and incorporates by reference its responses in paragraphs 1 through 26.

28. Admitted.

29. Denied that Plaintiff performed pursuant to the parties' contract.

30. Admit that fees have not been paid for 2018. Wellbox denies that the fees are due and owing under the parties' contract.

31. Denied.

32. Wellbox admits that Plaintiff has made demands for payment. Wellbox further admits that it has not paid the amounts demanded by Plaintiff. Wellbox denies any inference that the amounts claimed are due and owing.

33. Denied.

34. Denied.

35. Wellbox states that the parties' agreement is a document whose content speaks for itself. Wellbox denies that it owes Plaintiff any amount, including amounts for attorneys' fees.

WHEREFORE, Wellbox has responded to Plaintiff's complaint. Wellbox denies that Plaintiff is entitled to the relief it seeks or any relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole, or in part, by Plaintiff's first material breaches of the contract.

2. Plaintiff's damages claims are barred, in whole or in part, as unconscionable.

**WELLBOX DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

December 17, 2019                                     By and through Counsel:

                                                        s/ Robert T. Hicks
Robert T. Hicks (VSB# 45462)
Samuel J. Banks (VSB# 88990)
Bean, Kinney & Korman, P.C.
2311 Wilson Boulevard
5th Floor
Arlington, Virginia 22201
(703) 525-4000 (Telephone)
(703) 525-2207 (Facsimile)

*Counsel for Defendant*
*Wellbox, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that this Answer was filed via the Court's ECF systems on December 17, 2019 on:

Christopher C. Spencer (VSB No. 21878)
Mark C. Scuford (VSB No. 31075)
SPENCER SHUFORD LLP
6800 Paragon Place, Suite 420
Richmond, Virginia 23230
Telephone (804) 285-5200
Facsimile (804) 285-5210
cspencer@spencershuford.com
mshuford@spencershuford.com

Jeffrey K. Garfinkle (Admitted Pro Hac Vice)
Joanne N. Davies (Admitted Pro Hac Vice)
Buchalter, A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
(949) 760-1121 (Telephone)
(949) 720-0182 (Facsimile)
jgarfinkle@buchalter.com
jdavis@buchalter.com

*Counsel for Plaintiff*

                                                        s/ Robert T. Hicks