IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MCKESSON MEDICAL-SURGICAL, INC.,
          Plaintiff,

v.                                                                           Civil Action No. 3:19-cv-868

WELLBOX, INC.,
          Defendant.

**ORDER OF JUDGMENT BY CONFESSION**

This matter comes before the Court on the motion for entry of judgment by confession filed by McKesson Medical-Surgical, Inc. ("McKesson"). (Dk. No. 12.) For the reasons set forth below, the Court will grant the motion and will enter judgment by confession in favor of McKesson and against Wellbox, Inc. ("Wellbox").

**I. BACKGROUND**

On November 1, 2019, McKesson filed this case against Wellbox, alleging that Wellbox owes McKesson $1,860,000 in marketing fees under the parties' contract. (*See* Compl. ¶¶ 16, 25.) McKesson served Wellbox with a copy of the complaint and the summons on November 26, 2019. (Dk. No. 8.) Wellbox filed an answer on December 17, 2019. (Dk. No. 9.)

On February 24, 2020, the parties entered into a settlement agreement, under which Wellbox agreed to pay McKesson $1,550,000. (*See* Dk. No. 14-1, ¶ 1.) The settlement agreement calls for payments in installments, with the initial payment due on March 31, 2020, and with the remaining payments due monthly until paid in full.

Wellbox also executed a promissory note as part of the settlement agreement, which McKesson attached as an exhibit to its motion. (*See id.*) The promissory note provides that Wellbox would be in default if it failed to make the initial payment on March 31, 2020, "at the

election of [McKesson] on demand and upon notice to [Wellbox]." (*Id.* ¶ 3.) In the event of Wellbox's default, the promissory note authorizes confession of judgment in favor of McKesson and against Wellbox in the amount of $1,550,000. (*Id.* ¶ 5.)

On April 8, 2020, McKesson moved for entry of judgment by confession. According to McKesson, Wellbox failed to make the initial payment due on March 31, 2020. (Dk. No. 14, ¶ 6.) McKesson also represents that it gave the required notice to Wellbox. (*Id.*) Thus, McKesson asks the Court to enter judgment by confession against Wellbox pursuant to the parties' settlement agreement and the promissory note. Wellbox did not respond to McKesson's motion.

## II. **DISCUSSION**

"Federal courts have the power to enter confession judgments, as has been recognized by courts time and again." *Orlando Residence, Ltd. v. Nelson*, 565 F. App'x 212, 222 (4th Cir. 2014).[1] When determining whether to enter judgment by confession, federal courts consider whether "subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly[,] and intelligently made." *LOL Fin. Co. v. Carrigan*, No. 0:16-cv-000651, 2016 WL 4154339, at *2 (D. Minn. Aug. 5, 2016); *see also Saza, Inc. v. Zota*, No. 3:11-cv-363-JRS (E.D. Va. Feb. 24, 2013) (entering judgment by confession "in accordance with the Confession of Judgment Note incorporated in the Settlement Agreement and signed by the . . . Defendants").

First, the Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332. McKesson "is a Virginia corporation with its principal place of business . . . [in] Richmond, Virginia." (Compl. ¶ 1.) Wellbox is "a Delaware corporation with its principal place of business

---

[1] The promissory note provides that it "shall be construed in accordance with the laws of the Commonwealth of Virginia." (Dk. No. 14-1, ¶ 11.) Virginia law allows for entry of confession judgments. *See* Va. Code § 8.01-431. The promissory note complies with the requirements for confession judgments set forth in the Virginia Code. *See id.* § 8.01-435.

2

. . . [in] Jacksonville, Florida." (*Id.* ¶ 2.) McKesson seeks damages in the amount of $1,860,000. (*Id.* ¶ 34.) Because this is a dispute for more than $75,000 between citizens of different states, the Court has diversity jurisdiction over this case. *See* 28 U.S.C. § 1332(a)(1).

Second, McKesson attached the executed promissory note to its motion for entry of judgment by confession. Nathanial Findlay, in his capacity as Chief Executive Officer of Wellbox, signed the promissory note before a notary public. (*See* Dk. No. 14-1, at 5.) The Court has no indication that Findlay did not sign the confession of judgment voluntarily, knowingly, and intelligently.

Accordingly, in light of Wellbox's default and the terms of the executed promissory note, the Court will enter judgment by confession in favor of McKesson and against Wellbox.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS McKesson's motion for entry of judgment by confession. (Dk. No. 12.) The Court ENTERS JUDGMENT in favor of McKesson and against Wellbox in the amount of $1,550,000, with interest at the judgment rate until paid in full. The Court DIRECTS the Clerk to close this case.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 13 May 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

3